UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STANLEY EDMONDSON, ) | |
| STEVEN GABBARD, ) | |
| JARED HENSON, ) | |
| ANTHONY THOMAS, ) | |
| SKYLAR KUNKEL, ) | |
| JUDD PONSLER, ) | |
| ALFRED TURNER, ) | |
| DUSTIN SHERMAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:21-cv-00499-TWP-TAB |
| ) | |
| DECATUR COUNTY DETENTION CENTER, ) | |
| ) | |
| Defendant. ) | |

**Order Concerning Filing Fee,
Screening and Dismissing Complaint,
and Directing Plaintiffs to File an Amended Complaint**

Eight prisoners in the Decatur County Detention Center in Greensburg, Indiana, proceeding without counsel (*pro se*), filed their complaint against the detention center for its response to COVID-19 cases among the prisoners. The Court makes the following preliminary rulings.

### I. Multiple *Pro Se* Plaintiff Cases

Multiple *pro se* prisoner plaintiff cases present significant hurdles and potential downsides. The United States Court of Appeals for the Seventh Circuit has described in detail some of these potential downsides. *See Boriboune v. Berge*, 391 F.3d 852, 854-56 (7th Cir. 2004). The Circuit Court recommends that the District Courts "alert prisoners" to these downsides "and give them an opportunity to drop out" of the case. *Id*. at 856. First, each plaintiff is obligated to pay the full filing fee of $402 or, if granted leave to proceed *in forma pauperis*, will be responsible for a $350 filing fee. Second, each plaintiff risks that any claim deemed sanctionable under Federal Rule of Civil

Procedure 11 could lead to sanctions for each plaintiff. Third, each plaintiff will incur a "strike" under 28 U.S.C. § 1915(g) if the action is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. Three "strikes" will prevent that plaintiff from ever proceeding *in forma pauperis* in federal court unless his claims concerns an imminent danger of serious physical injury. *Id.*

The Court might also find that even if the claims are properly joined, multi-plaintiff litigation is not warranted because it would present significant burdens to both the parties and the Court. Each plaintiff, because he is not a lawyer, may not represent anyone other than himself. *See Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself."). As a result, **all** eight plaintiffs will be required to individually sign any and all motions, responses, replies, or notices filed in the case. Because of detention facility security concerns related to inmate to inmate correspondence and face-to-face communications (which are often prohibited), the plaintiffs may have limited opportunities to discuss case strategy, share discovery, or even provide each other copies of the motions and notices they intend to file with the Court and obtain all necessary signatures. Moreover, jail inmates could be released at any time and also are subject to being transferred to a different facility.

The Court may sever any plaintiff's claims into a separate action if his inability to participate in this action with the other plaintiffs causes undue delay, confusion of the issues, or any other reason that interferes with the orderly and speedy progression of the case.

Any of the eight plaintiffs who do not wish to proceed in this multi-plaintiff case should notify the Court of their intention to dismiss their claims no later than **April 9, 2021**. A dismissal under these circumstances will be without prejudice, meaning the plaintiff could bring his claims in a separate action.

## II. Filing Fee

No later than **April 9, 2021**, each of the eight plaintiffs shall pay the $402 filing fee or demonstrate his financial inability to do so. If a plaintiff moves for leave to proceed without prepayment of the filing fee (*in forma pauperis*), he shall complete and return a form motion for that purpose with a copy attached of the financial transactions from his prisoner trust account for the six-month period preceding the filing of this case. The motion and required attachment must be filed no later than **April 9, 2021**. The failure to either pay the filing fee or submit a properly completed *in forma pauperis* motion with the trust account information attached by the stated deadline may result in the dismissal of that plaintiff's claims. The **clerk is directed** to send a form motion for seeking leave to proceed without prepayment of the filing fee to each of the plaintiffs with their copy of this Order.

## III. Screening Standard

Because the eight plaintiffs are all prisoners, their complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings

liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### IV.  The Complaint

The plaintiffs' complaint, presented in the form of a letter to the Court, alleges that two of the eight plaintiffs (Edmondson and Kunkel) contracted COVID-19 while in the Decatur County Detention Center because of the jail staff's "lack of skill of knowing how to handle the outbreak." After a test indicated that six jail prisoners were positive for the virus, the prisoners were placed on a 24-hour lockdown for 17 days with no phone calls, 1 shower every 3 days, and had "pepper balls" released into their block. Dkt. 1 at 2.

### V.  Discussion

Applying the screening standard explained in Section III and the relevant substantive law to the facts pled in the complaint, for several reasons it must be **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

First, the Decatur County Detention Center is not an entity capable of being sued in Indiana. *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011); *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Additionally, the jail is not a "person" capable of being sued under 42 U.S.C. § 1983, which is the relevant authority for invoking federal jurisdiction. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989) (holding that a "person" under Section 1983 does not include a state or its agencies).

Second, liability pursuant to § 1983 requires personal participation in the events alleged to violate a plaintiff's civil rights. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)

4

("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")) The complaint mentions that Officers Levi and Jami Helms each took Mr. Edmondson's temperature and then reported the temperatures to a nurse. Dkt. 1 at 1. Neither officer is named as a defendant and the alleged conduct does not implicate a § 1983 claim.

Third, the complaint does not contain a demand for relief. Rule 8(a) of the Federal Rules of Civil Procedure requires every complaint to contain a short and plain statement showing entitlement to relief, and a demand for what relief is sought. Without that information, the complaint does not comply with Rule 8(a) and therefore fails to state a claim upon which relief can be granted.

For these reasons, the plaintiffs' complaint is **dismissed** for failure to state a claim upon which relief can be granted. These three reasons should not be understood to be the only basis upon which the complaint could be dismissed.

### VI.  Opportunity to File Amended Complaint

The complaint has been dismissed, but before this action is dismissed and final judgment entered, the Court will allow the plaintiffs an opportunity to file an amended complaint that cures the deficiencies identified above. The use of a form civil rights complaint could help the plaintiffs formulate their claims, defendants, factual bases, and relief sought. If filed, the amended complaint must contain this action's case number, 1:21-cv-00499-TWP-TAB, and be titled "Amended Complaint" on the first page. Any amended complaint must be filed no later than **April 9, 2021**. The failure to file an amended complaint by this deadline will constitute an abandonment of this

action, causing its dismissal and entry of final judgment. The **clerk is directed** to send the plaintiffs a blank civil rights complaint form with their copy of this Order.

### VII.  Conclusion

The eight plaintiffs have been cautioned concerning the risks and potential problems of multi-plaintiff *pro se* litigation as suggested by the Seventh Circuit. Each plaintiff shall pay the $402 filing fee to the clerk of the district court, or seek leave to proceed *in forma pauperis* with a properly documented motion for that purpose, no later than **April 9, 2021**. The complaint has been **dismissed** for failure to state a claim. The plaintiffs shall have through **April 9, 2021**, in which to file an amended complaint that cures the deficiencies identified in this Order. If any of the eight plaintiffs elects to not proceed with this lawsuit, they shall inform the Court in writing no later than **April 9, 2021**.

**IT IS SO ORDERED**.

Date: 3/8/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

STANLEY EDMONDSON
DECATUR COUNTY Detention Center
601 S. Ireland Street
Greensburg, IN 47240

Steven Gabbard
Decatur County Detention Center
601 S. Ireland Street
Greensburg, IN 47240

Jared Henson
Decatur County Detention Center
601 S. Ireland Street
Greensburg, IN 47240

Anthony Thomas
Decatur County Detention Center
601 S. Ireland Street
Greensburg, IN 47240

Skylar Kunkel
Decatur County Detention Center
601 S. Ireland Street
Greensburg, IN 47240

Judd Ponsler
Decatur County Detention Center
601 S. Ireland Street
Greensburg, IN 47240

Alfred Turner
Decatur County Detention Center
601 S. Ireland Street
Greensburg, IN 47240

Dustin Sherman
Decatur County Detention Center
601 S. Ireland Street
Greensburg, IN 47240