UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STANLEY EDMONDSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DECATUR COUNTY DETENTION CENTER, )<br>JAMI HELMS, )<br>)<br>Defendants. ) | No. 1:21-cv-00499-TWP-TAB |

**Order Screening and Dismissing Amended Complaint,
and Allowing Plaintiff Opportunity to File Second Amended Complaint**

This action began on March 3, 2021, when eight prisoners in the Decatur County Detention Center in Greensburg, Indiana, joined as plaintiffs to sue the Detention Center and Officer Jami Helms for failing to protect them from COVID-19. Dkt. 1. Over the next several weeks, all but one plaintiff dropped out of the case either at his own request or after failing to comply with Court orders. The last remaining plaintiff, Stanley Edmondson, was granted leave to proceed *in forma pauperis* and has now filed an amended complaint. Dkts. 47, 48, 51, & 56. Mr. Edmondson's amended complaint is now subject to screening. For the reasons explained below, the amended complaint is dismissed, but Mr. Edmondson shall have the opportunity to file an amended complaint.

**I. Screening Standard**

Because Mr. Edmondson is a prisoner, his amended complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from

such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.  The Amended Complaint

"For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture." *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017). The amended complaint names one defendant, Keri Duffey, a nurse employed at the Detention Center.

The following allegations are made in Mr. Edmondson's amended complaint. *See* dkt. 56. On January 18, 2021, Mr. Edmondson tested positive for COVID-19. Mr. Edmondson alleges that he contracted the virus from another prisoner, Shannon Howard. Howard purportedly slipped through the nurse's screening because he was asymptomatic, and brought the virus into the cellblock. As a result, six of the twelve prisoners in the cellblock displayed symptoms of COVID-19. Mr. Edmondson developed a fever and high heart rate, which were treated with Tylenol and ibuprofen.

The cellblock was locked down for several days, and prisoners were only allowed to shower every three days. All recreation and family contacts were stopped. At some point during the lock down, pepper balls were sprayed into the cell by unnamed individuals, causing the prisoners to cough and worsening the symptoms of the sick prisoners.

Mr. Edmondson alleges that all of this occurred because Nurse Duffey failed to do her job correctly when prisoners started to complain about their symptoms. He seeks monetary damages and asks for a judge to hear the case.

### III. Analysis

Mr. Edmondson does not identify his status in the Detention Center. This is important because for pretrial detainees asserting due process claims for inadequate medical care, the standard for assessing claims is one of objective reasonableness, not deliberate indifference. *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018); *see also Miranda v. Cty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018) (pretrial detainees bringing due process medical claims must demonstrate that the defendant acted purposefully, knowingly, or recklessly, and then must show that the defendant's conduct was objectively unreasonable). Excessive force claims are also evaluated under an objective reasonableness standard. *Lombardo v. City of St. Louis*, 141 S. Ct. 2239, 2241 (2021) (per curiam) (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989)). And generally, all pretrial detainee conditions of confinement claims are also evaluated under the objective reasonableness standard. *Hardeman v. Curran*, 933 F.3d 816, 821-22 (7th Cir. 2019) (citing *Miranda*, 900 F.3d at 352). If Mr. Edmondson was, on the other hand, a convicted offender at the time of the events, his claims arise under the Eighth Amendment and are assessed under a deliberate indifference standard. *Eagan v. Dempsey*, 987 F.3d 667, 688 (7th Cir. 2021).

The only individuals referenced in the amended complaint are Officers Levi and Helms, and Nurse Keri Duffey. The allegation against Officer Levi is that he "registered" Mr. Edmondson's high fever each week, and that he then called Nurse Duffey. Dkt. 56 at 1. The allegation against Officer Helms is that he also took Mr. Edmondson's temperature and called Nurse Duffey about the fever and high heart rate. The allegations about Nurse Duffey are that she

was told by the officers about Mr. Edmondson's fever, and failed to do her job correctly when prisoners started exhibiting symptoms. *Id.* at 2.

As to the two officers—Officer Levi and Officer Helms—they are not named in the caption as defendants. And the Court cannot infer from these allegations that Mr. Edmondson intended to bring suit against them. Nor is there any conduct alleged that suggests any error or omission, any objectively unreasonable response, or any other complicity in a constitutional violation.

The only defendant named in this amended complaint is Nurse Duffey. The assertions that the officers called her to report high fevers and a high heart rate end there. Mr. Edmondson makes no allegation of what response was made or not made. The allegation that Tylenol and ibuprofen were given does not suggest an objectively unreasonable response, nor does Mr. Edmondson allege what should have done been but wasn't. The allegation that Nurse Duffey failed to do her job, without more, is a mere conclusory statement that does not state a claim for relief.

It is unknown from the amended complaint who ordered the Tylenol and ibuprofen, who shot pepper balls into the locked-down cell block, who was asked to and refused to move symptomatic prisoners away from non-symptomatic prisoners, who (if anyone) was charged with checking the medical condition of incoming prisoners and how that person's performance of duties was objectively unreasonable, or who might have implemented or enforced a policy leading to constitutional violations.

"Individual liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged

4

constitutional deprivation. . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")) The amended complaint simply contains no allegations of personal involvement against any person in any constitutional deprivation. The repeated use of the pronoun "they" is insufficient to identify a suable person.

For these reasons, Mr. Edmondson's amended complaint, dkt. [56], is **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

### IV.  Opportunity to File Second Amended Complaint

Rather than dismiss this action and enter final judgment now, the Court will allow Mr. Edmondson another attempt to submit viable constitutional claims. Mr. Edmondson shall have through **August 23, 2021**, in which to file a "second amended complaint" curing the errors identified in this Order. Mr. Edmondson must describe each action or condition he contends violates his federal constitutional rights and allege such facts as to connect specific persons with the wrongful conduct. The second amended complaint need not cite law or identify specific constitutional rights, but it must contain a "short and plain statement" of the facts that put a proposed defendant on notice of what conduct must be defended, and it must assert a right to relief. Fed. R. Civ. P. 8.

The **clerk is directed** to send Mr. Edmondson a blank prisoner civil rights complaint form for his use in filing a second amended complaint. Any second amended complaint must contain that title on its first page and display this action's case number – 1:21-cv-00499-TWP-TAB.

### V.  Conclusion

In conclusion, Mr. Edmondson's amended complaint, dkt. [56], is **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. He shall have through **August 23, 2021**, to file a second amended complaint that states viable claims against specific

persons. If Mr. Edmondson chooses to not file a second amended complaint by the stated deadline, this action will be dismissed and final judgment entered without further notice or opportunity to be heard.

    **IT IS SO ORDERED**.

Date: 7/23/2021

    Hon. Tanya Walton Pratt, Chief Judge
    United States District Court
    Southern District of Indiana

Distribution:

Stanley Edmondson
Decatur County Sheriff
601 S. Ireland Street
Greensburg, IN 47240